FREDERICK LOWE *vs.* MINNEAPOLIS STREET-RAILWAY COMPANY and another.

SARAH LOWE *vs.* SAME.

July 25, 1887.

Instructions — Review of Evidence.—In its instructions to the jury the trial court is not bound, at the request of either party, to go over the evidence on behalf of such party, and it cannot be assigned as error that it declines to do so.

Evidence *held* sufficient to sustain the verdict. Damages *held* not excessive. Newly-discovered evidence *held* cumulative. Divers minor alleged errors disposed of.

The plaintiffs brought these actions in the district court for Hennepin county, to recover damages for personal injuries alleged to have been occasioned by the unsafe and dangerous condition of a street-railway track belonging to the defendant railway company, whereby the plaintiffs, while driving in the streets of Minneapolis in a buggy, were thrown·therefrom and injured. The actions were tried together before *Rea,* J., and a jury, and Frederick Lowe had a verdict for $5,000, and Sarah Lowe a verdict for $2,000. Defendants appeal from an order refusing a new trial.

*Hiram C. Truesdale* and *J. N. Cross,* for appellants.

*W. E. Hale,* for respondents.

GILFILLAN, C. J.[1] Many of the points made upon the argument of these cases hardly deserve special mention. The verdict might have been more satisfactory had it been for the defendants, but there was no such preponderance of evidence in their favor as to suggest that the jury did not fairly and impartially weigh and consider all the

[1] Berry, J., because of illness, took no part in this case.

·evidence, and decide upon it according to the best of their judgments. There is no reason to disturb the verdict as not justified by the evidence.

The damages allowed were not excessive; the injuries sustained by plaintiffs were so serious that the verdict might have been still larger, without justifying the imputation that the jury were influenced by partiality, prejudice, or passion.

The newly-discovered evidence was clearly cumulative. It was merely more evidence of the same kind as defendants had introduced .at the trial, to establish a fact which they had full opportunity to prove.

In the matters of admitting the testimony of the witness Lally, of :admitting the testimony of Dr. Irvine, of striking out the re-cross-·examination of Frederick Lowe, of admitting the testimony of the witness Gilbride, there is nothing in the claim that there was error in respect to either of them. In respect to the witness Dr. Skinner, all that defendants asked by reason of his absence was that his tes-·timony given on a former trial be read, which was rightly refused. No request for continuance, or delay in the trial, or for further time, was made. Of course, the court was not bound to grant indulgence .not asked for.

The charge of the court left the case fairly to the jury, stating ·clearly what facts it was necessary for them to find in order to ren-·der verdicts for plaintiffs, and it was not excepted to. The defend-·ants made several requests for instructions to the jury which the court refused to give. All there was in them that was good law the court gave in its general charge. In addition to the propositions of law in them, the requests called upon the court to recapitulate to the jury, in substance, certain portions of the evidence on the part of the defendants, what certain of their witnesses had testified to, and to .indicate to some extent what inferences might be drawn from such portions of the evidence. In its instructions to the jury a court is never bound, at the request of either party, to go over the evidence in behalf of that party. Often it would be prejudicial to the opposite party to do so. It cannot be assigned as error that the court declines ·doing it.

Order affirmed.